UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RALPH COULTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:13-cv-01688-TWP-MJD |
| MANLEY DEAS KOCHALSKI LLC an Ohio | ) |
| limited liability company, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant Manley Deas Kochalski, LLC's ("MDK") Motion to Dismiss. (Dkt. 10). Plaintiff Ralph Coulter ("Mr. Coulter") filed claims against MDK for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), alleging that MDK wrongfully obtained an *in personam* judgment against him during the pendency of his bankruptcy. (Dkt. 1). For the reasons set forth below, MDK's motion to dismiss is **DENIED**.

### I. BACKGROUND

The following facts are from Mr. Coulter's Complaint (Dkt.1) and are accepted as true for purposes of this motion to dismiss. On March 29, 2011, Mr. Coulter filed a Chapter 13 bankruptcy petition. *In re Coulter*, No. 11-3626-RLM-13 (S.D. Ind. Bankr.). Mr. Coulter listed a home loan serviced by Aurora Home Loan Services ("Aurora") on his schedule of secured creditors. MDK filed a proof of claim on behalf of Aurora on July 20, 2011, and on August 11, 2011, MDK filed a Motion for Relief from Automatic Stay and Abandonment of Property

Because Plan Proposed to Surrender Property (Dkt. 1-2) so that it could foreclose on the real property that secured Mr. Coulter's home loan.

On September 7, 2011, the motion for relief from the stay was granted, permitting MDK to foreclose on Mr. Coulter's property. MDK then filed a foreclosure action against Mr. Coulter in state court on December 20, 2011. Rather than only proceeding *in rem* against Mr. Coulter's real estate, MDK sought and obtained an *in personam* default judgment against Mr. Coulter for the home loan. MDK then sought to collect on the personal judgment.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. DISCUSSION

Mr. Coulter alleges that by obtaining an *in personam* judgment against him in the foreclosure action, MDK violated §§ 1692e(2)(A), 1692e(5), and 1692f of the FDCPA. Section 1692e generally prohibits the use of any false, deceptive, or misleading representation in

connection with the collection of any debt. Specifically, § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt, and § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken in the collection of a debt. Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

MDK argues that obtaining an *in personam* judgment against Mr. Coulter did not violate the FDCPA because it had obtained relief from the automatic stay and no discharge order in the bankruptcy had been entered. Mr. Coulter attached a copy of MDK's motion for relief from the automatic stay to his Complaint, thus the Court may properly consider it in deciding this motion to dismiss. *See* Dkt. 1-2. MDK's motion for relief from the automatic stay was made under 11 U.S.C. § 362(d), which provides in relevant part that the bankruptcy court shall grant a relief from the stay "with respect to a stay of *an act against property*. . . if the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization[.]" 11 U.S.C. 362(d)(2) (emphasis added).

With respect to the stay of any other act under 11 U.S.C. 362(a)—including the commencement of any action or proceeding against the debtor that could have been commenced before the filing of the bankruptcy case or to collect on any claim against the debtor that arose before the filing of the bankruptcy case—the automatic stay remains in effect until the time the case is closed, dismissed, or a discharge is granted or denied. 11 U.S.C. § 362(c)(2). Thus, under 11 U.S.C. § 362(d), the only available relief from the automatic stay is for an action against property, not the individual debtor. The Court need not consider the Bankruptcy Court's

connection with the collection of any debt. Specifically, § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt, and § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken in the collection of a debt. Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

MDK argues that obtaining an *in personam* judgment against Mr. Coulter did not violate the FDCPA because it had obtained relief from the automatic stay and no discharge order in the bankruptcy had been entered. Mr. Coulter attached a copy of MDK's motion for relief from the automatic stay to his Complaint, thus the Court may properly consider it in deciding this motion to dismiss. *See* Dkt. 1-2. MDK's motion for relief from the automatic stay was made under 11 U.S.C. § 362(d), which provides in relevant part that the bankruptcy court shall grant a relief from the stay "with respect to a stay of *an act against property*. . . if the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization[.]" 11 U.S.C. 362(d)(2) (emphasis added).

With respect to the stay of any other act under 11 U.S.C. 362(a)—including the commencement of any action or proceeding against the debtor that could have been commenced before the filing of the bankruptcy case or to collect on any claim against the debtor that arose before the filing of the bankruptcy case—the automatic stay remains in effect until the time the case is closed, dismissed, or a discharge is granted or denied. 11 U.S.C. § 362(c)(2). Thus, under 11 U.S.C. § 362(d), the only available relief from the automatic stay is for an action against property, not the individual debtor. The Court need not consider the Bankruptcy Court's

order attached to Mr. Coulter's response; MDK's motion for relief from the automatic stay, citing 11 U.S.C. § 362(d) as the basis for its request, is consistent with Mr. Coulter's allegations.

The basis for Mr. Counter's allegations is that exceeding the scope of the relief from the automatic stay is unlawful under the Bankruptcy Code, thus any attempt to collect on such obligation is not legally permissible. The Seventh Circuit has held that a debtor's claim that a creditor exceeded the scope of relief granted from an automatic stay states a cause of action under the Bankruptcy Code. In *Swanson v. Indiana*, 23 Fed. Appx. 590 (7th Cir. 2001), the debtor alleged in his complaint that the creditors obtained relief from the automatic stay to collect on a judgment with respect to certain items covered by a security agreement. The creditors instead seized all of the creditor's personal property, including that which remained protected by the stay. The Seventh Circuit held that because the facts the debtor alleged suggested that the creditor exceeded the scope of what was permitted under the relief from the stay, his complaint stated a claim that the creditor had violated the automatic stay provision of the Bankruptcy Code. *Id.* at 591.

Because exceeding the scope of the relief from the automatic stay is unlawful under the Bankruptcy Code, attempts to collect on such obligations are likewise unlawful under FDCPA. "A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004). MDK proceeds under the assumption that the relief it was granted from the automatic stay extended to enforcement of the debt against Mr. Coulter personally. The argument that MDK was permitted to obtain an *in personam* judgment against Mr. Coulter following the filing of his bankruptcy petition is unavailing, as the Supreme Court

4

has stated that bankruptcy extinguishes actions against debtors *in personam* while leaving intact actions against debtors *in rem*. *Johnson v. Home St. Bank*, 501 U.S. 78, 84 (1991); *see also In re Redmond*, 380 B.R. 179, 189 (Bankr. N.D. Ill. 2007) *subsequently aff'd sub nom. Redmond v. Fifth Third Bank*, 624 F.3d 793 (7th Cir. 2010) ("[A] discharge voids personal judgments against the debtor (§ 524(a)(1)) and operates as an injunction against acts to collect debts 'as a personal liability of the debtor'(§ 524(a)(2)), but it does not avoid prepetition liens."). Allowing a pre-petition creditor to obtain an *in personam* judgment against a debtor in bankruptcy would be contrary to the purpose of the bankruptcy laws. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) ("The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'")(internal quotations omitted).

Mr. Coulter's Complaint specifically alleges that MDK wrongfully sought and obtained an *in personam* judgment against him following the filing of his bankruptcy petition, alleging that this violated 15 U.S.C. §1692e because MDK misrepresented the legal status of the debt, and violated 15 U.S.C. § 1692f because MDK sought to collect on an obligation not permitted by law. At this stage of the litigation, the Court must accept these allegations as true. The Court finds that Mr. Coulter has adequately alleged that MDK unlawfully obtained an *in personam* judgment against him in violation of the automatic stay, and thus has stated a claim under 15 U.S.C. §1692e and 15 U.S.C. §1692f.

### IV. CONCLUSION

For the forgoing reasons, the Court finds that Mr. Coulter's Complaint has stated a claim upon which relief may be granted. Therefore, MDK's Motion to Dismiss (Dkt. 10) is **DENIED**.

SO ORDERED.

Date: 05/09/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@aol.com

Sarah E. Willms
MANLEY DEAS KOCHALSKI LLC
sew@mdk-llc.com

Stephanie Ann Reinhart
MANLEY DEAS KOCHALSKI LLC
sar@mdk-llc.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHLIPPS, LTD.
angiekrobertson@aol.com